UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PHILLIP M. BECKER AND                           DOCKET NUMBER:
THE BECKER LAW FIRM, APLC

v.                                                                          07-7202

MARY MICHELLE McINTYRE TOCA                                    SECT. T MAG. 3

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**NOW INTO COURT**, through their undersigned counsel, come PHILLIP M. BECKER, a resident of the full age of majority, the Parish of St. Tammany, State of Louisiana and THE BECKER LAW FIRM, APLC, a corporate citizen of Calcasieu Parish, Louisiana, whose Complaint for Damages respectfully represents:

**I.    THE PARTIES**

1.

Plaintiff, PHILLIP M. BECKER is an attorney at law licensed to practice by the Supreme Court of the State of Louisiana and maintains his practice through the corporate structure of THE BECKER LAW FIRM, APLC in Lake Charles, Calcasieu Parish, State of Louisiana.

2.

Defendant herein is MARY MICHELLE McINTYRE TOCA, who is an individual citizen of the age of majority of the Parish of Orleans, State of Louisiana, and is the former wife of Plaintiff, PHILLIP M. BECKER.

**II.   JURISDICTION**

3.

This is a suit for Punitive Damages, Attorney Fees, Injunctive Relief, Equitable Relief, and State Law claims brought pursuant to Federal Law, particularly 18 U.S.C.A § 2510-2521: 18 U.S.C. § 2701 *et seq*: 18 U.S.C.A § 1030 (5)(a)(i), *et seq;* and, as appropriate, arising under Louisiana State law, specifically La. R.S. 15:1312.

4.

The relief sought is within the exclusive jurisdiction of this Honorable Court pursuant to 28 U.S.C.A § 1331 and, as appropriate, 28 U.S.C.A § 1367.

### III. THE CAUSE OF ACTION

5.

Plaintiff, PHILLIP M. BECKER individually operates his law firm in Lake Charles, Louisiana, with the use of tools and equipment including computer hardware and software, which is connected to the Internet by typical means.

6.

Prior to 25th of October, 2006, BECKER individually, and personnel employed by his law firm, began to experience considerable difficulties in both their home and office computers. This consisted of error messages, slow processing, and other indicators of technical problems with the operations of the computers.

7.

BECKER, individually and on behalf of his law firm, retained the services of WebTronics LLC, a third party contractor with expertise in computer operation, to evaluate both his home and office computers.

8.

After an extensive evaluation, WebTronics isolated, identified, and cataloged spyware and viruses on two Compaq computers and one Toshiba laptop computer which were severe in nature and advised BECKER, on his own behalf and on behalf of his law firm, to take further action with an Internet forensic team located in Baton Rouge.

9.

Upon further examination, it became apparent the computers in question were infected with an internet "Trojan Horse" virus named "Infostealer." The Infostealer is used to detect and steal passwords from computers operated by others, and works by gathering the passwords from the compromised computer and sending them to a remote computer by email or other means.

10.

The Infostealer virus was sent to BECKER and to his law firm by the Defendant, TOCA by means of various emails and attachments.

11.

The Defendant, TOCA knew that the use of the Infostealer Trojan Horse virus would give her unauthorized access to her ex-husband's personal and business computers.

12.

The actions of the defendant, TOCA were deliberate, malicious, and done in bad faith in the hopes that private information disseminated to her by means of the Infostealer Trojan Horse virus would provide her with some kind of commercial or personal advantage in ongoing domestic litigation and other disputes between the two parties.

13.

The Defendant, TOCA knew that her deliberate acts were likely to cause emotional distress, worry, embarrassment, inconvenience, and other damages to Plaintiff herein, but nevertheless persisted in her conduct which led directly to such injury.

## IV. DAMAGES

14.

As a result of the Infostealer Trojan Horse infection, Plaintiff was required to purchase two new computers; and in addition, he and his firm incurred significant costs for repair service, lost time, other expenses and particularly the loss of his financial data. Plaintiff reserves his right to itemize these damages specifically.

15.

In addition, Plaintiff BECKER individually sustained severe emotional distress, aggravation, and worry as a result of the intentional actions of the Defendant, TOCA, for which he is entitled to be compensated individually.

16.

Plaintiff is entitled to the assessment of punitive damages pursuant to 18 U.S.C.A. § 2520.

17.

Plaintiff is entitled to the payment of reasonable attorneys fees pursuant to La. R.S. 15:1312.

## V.   REQUEST FOR INJUNTIVE RELIEF AND PROTECTIVE ORDER CONCERNING EVIDENCE

18.

The primary evidence of the Defendant TOCA'S actions is found in the hard drive of her computer, which is currently, on information and belief, in the possession of the Attorney General of the State of Louisiana.

19.

On information and belief, the Attorney General of the State of Louisiana investigated these events and is pursuing criminal charges against the said Defendant based on a forensic analysis of the computer used by the Defendant, TOCA to send the Infostealer Trojan to Plaintiffs' computers.

20.

Complainant is informed and believes, and therefore alleges that once the criminal prosecution is completed, the computer and its hard drive will be returned to the Defendant TOCA.

21.

If the computer and its hard drive are returned to Defendant TOCA, on information and belief, complainant shows that there is a substantial chance that evidence critical to his presentation of his case will be destroyed or otherwise compromised.

22.

Pursuant to this Court's authority to oversee discovery matters as contained in Rule 26, *et seq.* of the Federal Rules of Civil Procedure; and pursuant to this Court's authority as contained in Rule 65 of the Federal Rule of Civil Procedure, complainant seeks the entry of an immediate order commanding the Attorney General of the State of Louisiana, or other such parties who maintain custody over any computer seized by that agency as a part of its criminal investigation of the Defendant, **MARY MICHELLE**

McINTYRE TOCA, be commanded to immediately deliver that computer or other equipment to complainant, **PHILLIP M. BECKER**, and **THE BECKER LAW FIRM, APLC** to maintain inviolate as evidence to be used in connection with this case, or to perform such other forensic investigation as is required, including copying of hard drives, imaging of hard drives, and any other forensic computer reconstruction or other work which is required in the premises.

**WHEREFORE, COMPLAINANTS PRAY:**

1. That this complaint be filed and citation issued;

2. That after service has been accomplished and all legal delays have been had, that there be judgment herein in favor of complainant and against the Defendant as prayed for, for actual damages, damages for intentional infliction of emotional distress; punitive damages; and attorneys fees, as allowed by law;

3. That an immediate order issue herein directing the Attorney General or such other person or persons who may have custody of the computers owned by Defendant, **MARY MICHELLE McINTYRE TOCA** seized by that agency in the course of its investigation, be delivered immediately to the custody of **PHILLIP M. BECKER, and THE BECKER LAW FIRM, APLC**, complainants herein, for their submission to forensic experts for inspection and other such reasonable nondestructive testing as may be required.

RESPECTFULLY SUBMITTED,

**THE LAW OFFICE OF JAMES B. DOYLE**

BY: _____
JAMES B. DOYLE (#5061)
HEATH J. DORSEY (#29715)
4809 Ihles Road
P. O. Box 5241
Lake Charles, La 70606
Telephone: 337-474-9989

**SERVICE INSTRUCTIONS:**

**PLEASE SERVE DEFENDANT:**

**MARY MICHELLE McINTYRE TOCA**
At her residence located at
5656 Woodlawn Place
New Orleans, Louisiana 70124

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, pursuant to Eastern District Local Rule 5.3 that a true and correct copy of the above and foregoing has been forwarded on this 23rd day of October 2007, to the Defendant by mailing same , postage prepaid and properly addressed.

*/s/ Heath J. Dorsey*

JAMES DOYLE
HEATH J. DORSEY