UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILLIP BECKER, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 07-7202 |
| MARY MICHELLE MCINTYRE TOCA | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is the Defendant's Motion to Dismiss Certain Claims from the Complaint. (Rec. Doc. 52). For the following reasons, the Defendant's motion is now GRANTED.

## I. BACKGROUND

The Plaintiff, a lawyer, filed this suit on behalf of himself and his law firm against the Defendant, his ex-wife, under the Federal Wiretap Act, the Electronic Storage Act, the Computer Fraud and Abuse Act, and the Louisiana Electronic Surveillance Act. The Plaintiff alleges that the Defendant, his ex-wife, installed a computer virus on his home and office computers by attaching the virus to various emails that she sent to both him and his associates at the firm. According to the Plaintiff, the "Infostealer" computer virus recorded his passwords and transmitted the information back to the Defendant via "email and other means." The Plaintiff contends that the Defendant intended to gain access to his personal and professional financial information for leverage in the couple's ongoing divorce proceedings in state court.

## II. PRESENT MOTION

The Defendant has filed a motion to dismiss certain of the Plaintiffs' claims for failure to comply with the Court's discovery orders. Specifically, the Defendant seeks dismissal of the Plaintiffs' claims for federal tax penalties/interest, state tax penalties/interest, lost billable

time/wages of Phillip M. Becker, and lost billable time/wages of office personnel. According to the Defendant, the Plaintiffs have failed to provide any information or evidence supporting these claims, despite several Court orders specifically ordering the Plaintiffs to produce such information in discovery. The Defendant's motion does not address certain other of the Plaintiffs' claims, including, for example, claims for out-of-pocket expenses for diagnostic services, replacement hardware, etc. The Plaintiffs oppose the Defendant's motion and argue that they have provided the Defendant with sufficient evidence to support their claims for tax penalties and loss of revenue.

The Plaintiffs have stated that their damages fall into the following thirteen categories: 1) Equipment damage; 2) Client disruption; 3) Additional payroll cost; 4) Federal tax penalties; 5) State tax penalties; 6) Client confidentiality; 7) Ethics breach due to client confidentiality; 8) Lost billable time/wages of Phillip M. Becker, attorney; 9) Lost billable time/wages of office personnel; 10) Marketing/advertising loss due to inability to finalize and launch firm website; 11) Computer repair fees; 12) Purchase of replacement equipment, computer software, and computer hardware; and 13) Loss of reputation. Over the course of several status conferences with the parties, the Court has repeatedly addressed the issue of damages in this case as they relate to the Plaintiffs' claims for tax penalties and loss of revenue. On March 13, 2009, following a status conference held in chambers, the Court issued a Minute Entry ordering the Plaintiffs to "supplement their responses to the Defendant regarding damages within one week of receipt of this order." *See* Rec. Doc. 50.

On April 17, 2009, during a follow-up status conference with the Court more than a month after the initial conference, the Defendant reported that the Plaintiffs still had not complied with the discovery order. Following the status conference, the Court issued a Minute

Entry ordering the Plaintiffs to produce the information or else certain of their claims would be dismissed with prejudice. In the Minute Entry, the Court stated:

> [d]espite repeated directions from the Court to produce discoverable information related to damages, the Plaintiff has apparently still not produced the relevant material. Accordingly, IT IS ORDERED that the Plaintiff shall produce all relevant information as requested by the Defendant, specifically information related to damages, within two weeks from receipt of this Minute Entry. If the Plaintiff continues to disregard this Court's orders and fails to produce the discovery at issue, the Court will have no choice but to dismiss the Plaintiffs' claims with prejudice.

*See* Rec. Doc. 54.

The Defendant alleges that the Plaintiffs have not complied with the Court's order and have not produced any information or evidence to support their claims, such as tax returns, time sheets, or financial statements. The Defendant contends that, with trial scheduled to begin in two months, the Plaintiff's willful failure to produce discovery has prejudiced her ability to prepare for trial. In response, the Plaintiffs counter that they have provided sufficient evidence to support their claims, and point to a spreadsheet listing certain amounts of damages, as well as several documents Plaintiffs received from the IRS. During oral argument, counsel for the Plaintiffs explained that his client was hesitant to provide the Defendant with certain detailed financial information such as his personal or professional tax returns, as he felt that the Defendant might attempt to use that information against him in the ongoing divorce proceedings.

## III.   LAW & ANALYSIS

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes district courts to strike pleadings or render a default judgment against a party as a sanction for failure to comply with the court's discovery orders. Fed.R.Civ.P. 37(b)(2). Specifically, Rule 37(b)(2)(C) states in pertinent part:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others...
>
> ... an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

*Id.* As the Fifth Circuit has explained, the sanction of default judgment should be used only as a "remedy of last resort." *See F.D.I.C. v. Conner*, 20 F.3d 1376 (5th Cir. 1994).

In order for a district court to issue a default judgment as a discovery sanction, there are two criteria that must be met: first, the discovery violation must be willful; and second, there must be no lesser sanction that would substantially achieve the same result. *United States v. $49,000 Currency*, 330 F.3d 371 (5th Cir. 2003). Courts may also consider a number of additional factors in determining whether a default judgment is appropriate, including whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation. *Id.*

As an initial matter, the Court notes that the instant case has been pending for almost two years; the Defendant first requested the discovery at issue more than seven months ago; and the instant motion came on for hearing slightly more than two months before trial. On two separate occasions, the Court has met with counsel for both parties and specifically ordered the Plaintiffs to produce evidence in support of their claims for damages. When the Defendant's motion came on for hearing, however, the Plaintiffs still had not produced such relevant information as tax returns, time sheets, or financial statements. The few documents that the Plaintiffs have produced in discovery–including a brief spreadsheet of expenses with no supporting records or documentation–are not responsive to the Defendant's requests or in compliance with the Court's

orders.

At oral argument, counsel for the Plaintiff explained that his client is reluctant to turn over certain detailed financial information out of fear that his ex-wife might attempt to use that information against him in their ongoing divorce proceedings. Given the procedural history of this case, however, the Plaintiffs' argument is without merit. If the Plaintiffs were truly concerned about complying with the Court's orders and producing evidence in support of their claims, counsel could have petitioned the Court for an appropriate protective order. On two separate occasions, the Court has ordered the Plaintiffs to produce evidence of damages to support their claims, but counsel never raised the issue of a protective order until just two months before trial. Further undermining the Plaintiffs' argument is the fact that counsel for the Defendant has previously offered to consent to a protective order to facilitate discovery, but Plaintiff's counsel apparently never responded to the offer.

In addition, the Court also considers blame as a factor. In regards to this factor, the Court notes that the Plaintiff is an experienced attorney and cannot claim surprise at the requirements of the discovery process, the importance of timely compliance with court orders, or the need to produce evidence in support of his claims so that the Defendant may have a fair opportunity to prepare for trial. On two separate occasions the Court has ordered the Plaintiff to produce evidence in support of his claims and warned him that certain of his claims would be dismissed if he failed to do so.

With trial in this matter scheduled to begin in less than two months, the Court finds that it is appropriate to issue a default judgment as to the Plaintiffs' claims for tax penalties and loss of billable hours and wages. The Plaintiffs have had every opportunity to comply with this Court's discovery orders and to submit evidence in support of their claims, but they have repeatedly

failed to do so and their failure has been willful. Further, the Defendant's ability to prepare her defense has been prejudiced by the Plaintiffs' repeated discovery violations, and, at this late stage of the proceedings, no lesser sanction would substantially achieve the desired deterrent effect.

**IV.	CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion to Dismiss Certain Claims from the Complaint (Rec. Doc. 52) IS GRANTED. The Plaintiffs' claims for damages related only to tax penalties and loss of billable hours and wages are hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __15th__ day of __June__, 2008.

                                                             _____
                                                             UNITED STATES DISTRICT JUDGE