UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PHILLIP M. BECKER, INDIVIDUALLY AND THE BECKER LAW FIRM, APLC | : : | CIVIL ACTION NO. 07-7202 |
| VERSUS | : | SECTION "T" |
| MARY MICHELLE McINTYRE TOCA | : | MAGISTRATE DIV. 3 |

### PLAINTIFFS OPPOSITION TO MOTION TO ENFORCE SETTLEMENT AGREEMENT

NOW INTO COURT, through undersigned counsel, come plaintiffs, **PHILLIP M. BECKER, INDIVIDUALLY AND THE BECKER LAW FIRM, APLC,** who respectfully presents this opposition to the Defendant's Motion for Settlement, [Doc. 87]:

### INTRODUCTION

In advance of the hearing of September 23, 2009 in this matter Plaintiffs offer this brief response in opposition to the motion. Plaintiffs would also note that the Court has granted the Plaintiffs permission to participate in the above-captioned hearing via telephone.

### FACTS

The parties in the above-captioned matter have agreed to settle the claims of the above-captioned matter for the dollar amount of $15,000.00, payment of which would occur after the execution of a release. The language and scope of this release is the subject of the disagreement between the parties. The requested release language by the Defendants is requesting that Mr. Becker forgo all claims against the Defendants, even claims Mr. Becker has no knowledge of at this time. Plaintiffs are anxious, willing, and ready to sign a release of **THIS** matter and these claims, not claims that they have no idea exist and/or release conduct that has not yet occurred. The Plaintiffs could agree to sign the requested language, if the Defendants would make an affirmative

representation on the record that they have no knowledge of any other potentially actionable claims. Without this representation, the Defendant is asking Plaintiff to waive his right to past and future claims he has no knowledge of, in favor someone who has already plead guilty to attempting to commit two crimes against him.

As seen in James Doyle's affidavit, attached as Exhibit "A", while both attorneys used the phrase "general release" obviously what these two parties had in mind by the release was fundamentally different, and thus not enforceable by the Court. Should the Court be inclined to do so, it should order that Defendants execute the proposed release already executed by the Plaintiffs, as it is the only release that reflects the true intention of the settlement, the settlement of claims which are the subject of the lawsuit pending in this court.

The current proposed language of the Defendant reads as follows:

> *"Becker irrevocably releases, acquits, and forever discharges Toca from any and all claims he now has or has ever had against Toca and/or her husband, and Becker covenants to refrain from, directly or indirectly, asserting any such claims or commencing, instituting, or causing to be commenced or instituted, any such claim or proceeding against Toca or her husband."*

The plaintiffs merely want to settle this case, dispose of these claims and the parties go about their lives. Their proposed language reads as follows:

> *The parties mutually agree that this release is intended to be a global release of all claims known to the parties at the time of its execution, except for the claims currently pending in that litigation known as Mary Becker McIntyre v. Philip Becker No. 2004-12151 Division K, Civil District Court for the parish of Orleans. No claim arising after the date of this release is affected in any way.*

## LAW AND DISCUSSION

In *Graphics Packaging Int'l, Inc., v. G & Z Montageservice*, 2007 WL 3119279, the District Court was faced with cross-motions to enforce a settlement. In this matter, the parties were to "sign mutual releases of all claims". *Id.* at page 1. This dispute in *Graphics Packaging Int'l*, is the same as the matter before the court, the language of the releases.

2

As allowed by Louisiana Civil Code article 3071, compromise is "a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." *Id.* The rules of contract interpretation apply to compromise or settlement agreements. *Id., Lavergne v. Quality Fabricators of Eunice, Inc.* 888 So.2d 1147, 1153 (La. App. 3 Cir. 12/8/04).

There is no question that the releases have not been executed, although it should be noted that Plaintiffs have executed an release with their preferred language and forwarded that release to Defendants, with no response from Defendants."Mutual Releases" has been found to be an ambiguous term, since a release "could encompass many provisions", because there is "not one standard form release." *Graphics Packaging Int'l, Inc*, 2007 WL 3119279 at page 3. A compromise extends only to those matters the parties intended to settle, the scope of the transaction cannot be extended by implication. La C.C. Article 3073; *Anthony v. Liberty Mut. Ins. Co.*, 759 So.2d 910, 915 (La. App. 3 Cir. 4/5/00). If there is no meeting of the minds as to exactly what the parties intended when a compromise was reached, the compromise is not valid. *Anthony, supra.; citing Pat O'Brien's v. Franco's Cocktail Prod., Inc.*, 615 So.2d 429 (La. App. 4 Cir. 1993); *writ denied*, 617 So.2d 909 (La. 1993).

## CONCLUSION

As presented, the plaintiffs are eager to bring this matter to a conclusion and settle this case. However they never agreed to a settlement which included unknown, unasserted, and completely unrelated claims. As a result, the Court must find that no "meeting of the minds" occurred, the proposed settlement is not enforceable, and must deny the Defendants' motion at their cost.

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF JAMES B DOYLE, APLC

BY: _____
JAMES B. DOYLE (#5061)
HEATH J. DORSEY (#29715)
One Lakeshore Drive, Suite 1805
Lake Charles, La 70629
Telephone: 337-433-5999
Facsimile: 337-433-5990

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the above pleading was served upon opposing counsel on this 18 day of September, 2009 by filing with the Court's CM/ECF system, which will forward notice of the filing to all counsel.

_____
HEATH J. DORSEY

4